UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P91-R

JOHN R. McHAFFEY                                                                    PETITIONER

v.

MARSHALL COUNTY SUPERIOR COURT
DENNIS FOUST, JUDGE                                                                 RESPONDENTS

## MEMORANDUM OPINION

The petitioner, John R. McHaffey, filed this civil action pursuant to 28 U.S.C. § 2254,

seeking habeas corpus relief.  Because the petitioner failed to exhaust his state remedies prior to

filing suit, the court will dismiss his action without prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner is currently confined in the Miami Correctional Facility, which is located

in Bunker Hill, Indiana.  He initiated this federal habeas action, however, due to the Marshall

Circuit Court's failure to bring him to trial.[1]  Specifically, he claims that on February 18, 2002,

he was charged with receiving a stole firearm, possessing a forgery device, and identity theft.

He claims that on March 27, 2003, he filed a motion for speedy trial.  It is unclear, however,

whether the trial judge ruled on his motion.  On June 21, 2004, counsel was assigned to represent

him.[2]  While his co-defendants have been tried on these charges, virtually no action has been

taken with respect to his pending criminal charges.

---

[1]Judge Foust presides over Marshall *Circuit* and *District* Courts, not a county superior
court as set forth in the caption of the petition.

[2]The petitioner filed a separate civil rights action in this court, claiming that Judge Foust,
the prosecutor, and his attorney have violated his constitutional rights by failing to prosecute him
in a timely manner.  *See McHaffey v. Crider, et al.,* Civil Action No. 5:05CV-P92-R.

Dockets.Justia.com

## II.  ANALYSIS

The petitioner's reliance on 28 U.S.C. § 2254 is misplaced because that statute applies only to applicants seeking to attack a state court *judgment*, *pursuant to which they are in state custody*.  *See* 28 U.S.C. § 2254(a) ("...a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  Here, the petitioner has not been tried or convicted.  Review of his petition under § 2254 is improper. *Atkins v. State of Michigan,* 644 F.2d 543, 546 fn. 1 (6th Cir. 1981).

Pretrial detainees, however, may seek pretrial habeas corpus relief under 28 U.S.C. § 2241(c).[3]  *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 488 and 493 (1973) (where the Court held that the petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing the respondent to afford him an immediate trial); *Atkins,* 644 F.2d at 546 (pretrial petitions are properly brought under § 2241); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (same).  This court will construe his petition, accordingly.  *Fisher v. Rose,* 757 F.2d 789, 792 n.2 (6th Cir. 1985) (construing an improper section 2254 petition pursuant to section 2241).

While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action, the Supreme Court has nevertheless held that they must do so before seeking pretrial habeas relief through a § 2241 petition in federal court.  *Braden*, 410 U.S. at 489.  The exhaustion requirement was born of the principles of comity and federalism. While federal

---

[3]§ 2241(c) provides, "the writ of habeas corpus shall not extend to a prisoner unless ... (c) He is in custody in violation of the Constitution or laws or treaties of the United States; ...."

courts possess jurisdiction over pretrial petitions like the one currently under consideration,

courts have recognized that they "should abstain from the exercise of that jurisdiction if the

issues raised in the petition may be resolved either by trial on the merits in the state courts or by

other state procedures available to the petitioner." *Atkins,* 644 F.2d at 545-46. The abstention

doctrine

> preserves the role of the state courts in the application and enforcement of federal
> law. Early federal intervention in state criminal proceedings would tend to
> remove federal questions from the state courts, isolate those courts from
> constitutional issues, and thereby remove their understanding of and hospitality to
> federally protected interests. Second, (the doctrine) preserves orderly
> administration of state judicial business, preventing the interruption of state
> adjudication by federal habeas proceedings. It is important that petitioners reach
> state appellate courts, which can develop and correct errors of state and federal
> law and most effectively supervise and impose uniformity on trial courts.

*Braden*, 410 U.S. at 490-491 (quoting Note, Developments in the Law--Federal Habeas Corpus,

83 Harv.L.Rev. 1038, 1094 (1970)).

What a petitioner must do to exhaust his remedies depends upon the nature of the claims

asserted in the habeas petition and the type of relief he seeks. *Dickerson,* 816 F.2d at 226;

*Moore v. United States,* 875 F.Supp. 620 (D.Neb. 1994).[4]  Where the claims, if successful, would

---

[4]The Fifth Circuit noted:

> ...[T]here is a distinction between a petitioner who seeks to "abort a state
> proceeding or to disrupt the orderly functioning of state judicial processes" by
> litigating a speedy trial defense to a prosecution prior to trial, and one who seeks
> only to enforce the state's obligation to bring him promptly to trial.... An attempt
> to dismiss an indictment or otherwise prevent a prosecution is of the first type,
> while an attempt to force the state to go to trial is of the second. While the former
> objective is normally not attainable through federal habeas corpus, the latter is,
> although the requirement of exhaustion of state remedies still must be met.

*Dickerson*, 816 F.2d at 226 (internal citations omitted)

be dispositive of the pending state criminal charge, exhaustion is complete only when the

defendant presents the issue at the state criminal trial. *Moore,* 875 F.Supp. at 622 (quoting

*Dickerson*, 816 F.2d at 226). Examples of such dispositive issues include an affirmative defense

to the criminal charges themselves, *Braden*, 410 U.S. at 489; *Atkins,* 644 F.2d at 547, or claims

that would "abort a state proceeding," cause the dismissal of an indictment, or forbid

prosecution. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976); *Atkins*, 644 F.2d at 546-47.

Absent special circumstances, habeas review of *dispositive* claims is not available prior to the

criminal trial. *Braden*, at 489 (quoting *Ex parte Royall*, 117 U.S. 214, 253 (1886)) ("federal

habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an

affirmative defense to a state criminal charge prior to a judgment of conviction by a state court");

*Atkins*, 644 F.2d at 547 ("... an attempt to dismiss an indictment or otherwise prevent a

prosecution protects the defendant from prejudice and is normally not attainable by way of

pretrial habeas corpus") (internal quotation marks omitted).[5]

        The petitioner, who seeks to have the prosecuting authorities bring him to trial as is the

case here, has a number of choices in the Kentucky courts to meet the federal exhaustion

requirement. He may make a demand for a speedy trial from the trial court itself. *Mann v.*

*Commonwealth*, 561 S.W.2d 335 (Ky. App. 1978). A motion for a speedy trial notifies the trial

---

        [5]A notable exception to the rule prohibiting petitions, which would be dispositive, are
those where the petitioner claims that the trial would subject him to double jeopardy. *See, e.g.,*
*Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 303 (1984). Moreover, a defendant, who
seeks to have the prosecuting authorities bring him to trial, properly asserts that argument in a
pretrial habeas petition. *Braden*, *supra.* With either situation, the petitioner, however, must
exhaust available remedies prior to seeking pretrial habeas relief.

court that he wants a speedy trial whereas a motion to dismiss for *lack of a speedy trial* does not. *McDonald v. Commonwealth*, 569 S.W.2d 134 (Ky. 1978). If the trial court fails to respond to his motion for a speedy trial, he may file a petition for a writ of mandamus with the Kentucky Court of Appeals, asking it to compel the trial judge either to rule on his motion or proceed to trial. *Spegal v. Lair*, 407 S.W.2d 147 (Ky. 1966); *see also Burden v. White*, 471 S.W.3d 325, 326 (Ky. 1971) (holding that where the defendant repeatedly moved for a speedy trial that "[h]e is entitled either to have a trial date promptly set and good faith efforts to arrange for his transportation made, or to have the charges against him dismissed"). If this petitioner is unsuccessful before the Kentucky Court of Appeals, he may appeal to the Supreme Court of Kentucky.

Given that the petitioner is confined in another jurisdiction he may be the subject of Kentucky detainer. Kentucky's Interstate Agreement on Detainers ("IAD") is codified at Ky. Rev. St. ("KRS") 440.450. A mere motion for a speedy trial in the criminal case is not a request under Article III of the IAD. *Ellis v. Commonwealth*, 828 S.W.2d 360 (Ky. 1992). Under the IAD, an inmate who is incarcerated in another state which is party to the IAD[6] may request a disposition of the charges against him pursuant to Section III(1) of the IAD. Once the inmate has made such a request, the Commonwealth has 180 days within which to bring the inmate to trial, unless an extension is granted by the trial court. *See* Section III(1) ("... he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written

---

[6]Indiana is a party to the Interstate Agreement on Detainers. *See* Ind. St. Ann., IC-35-33-10-4.

notice of the place of his imprisonment and his request for a final disposition to be made of the

indictment, information or complaint); *see also Smith v. Hooey*, 393 U.S. 374 (1969) (holding

that the state which has lodged a detainer against a petitioner in another state must, on the

prisoner's demand, make a diligent, good-faith effort to bring the prisoner to trial).

The inmate's request "shall be accompanied by a certificate of the appropriate official

having custody of the prisoner, stating the term of commitment under which the prisoner is being

held, the time already served, the time remaining to be served on the sentence, the amount of

good time earned, the time of parole eligibility of the prisoner, and any decisions of the state

parole agency relating to the prisoner."  Section III(1).  Failure to bring the inmate to trial within

180 days after the demand will result in dismissal of the charges.  *Spivey v. Jackson*, 602 S.W.2d

158 (Ky. 1980).

Here, the petitioner had not availed himself of any state court remedy.  Before the court

can consider the petitioner's situation, he must present his issue to the Kentucky courts.  Only

after the petitioner fails in his attempt to secure a speedy trial from the state courts may this court

consider his habeas request.  Because the petitioner has not exhausted his state court remedies

with respect to this action, the court will dismiss his case without prejudice.

### III. CERTIFICATE OF APPEALABILITY

Before the petitioner may appeal this court's decision, a certificate of appealability

("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A COA may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right."

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a

petition on procedural grounds without addressing the merits of the petition, a certificate of

appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and the curt is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 584.  In such a case, no appeal is warranted. *Id.*  The court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The court will enter an order which is consistent with this memorandum opinion.

Date:

cc:     Petitioner *pro se*
        Judge Foust
        Commonwealth's Attorney, Marshall County
        4413.002